LOUIS F. ROSHELLI v. LAWRENCE F. SPERRY

No. 8115SC776

(Filed 18 May 1982)

**Rules of Civil Procedure § 4— issuing summons to person not a party defendant— action revived upon issuance of summons on defendant**

In a personal injury action, the trial court did not err in denying defendant's motion to dismiss where a summons was issued originally in the name of the driver, defendant's daughter, and not in defendant's name, and a second summons was issued for service on defendant eleven days after the complaint was filed. Although the action was subject to dismissal under Rule 4(b) since the summons for service on defendant was not issued within five days and did not relate back to the original summons to defendant's daughter, the action revived upon issuance and service of a summons on defendant prior to the time defendant moved to dismiss. G.S. 1A-1, Rule 4(a), (d), (e), (f), and (i).

APPEAL by defendant from *McLelland, Judge.* Order entered 19 June 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 30 March 1982.

In his complaint plaintiff sought to recover for personal injuries received on 31 March 1978 as the result of an automobile accident involving plaintiff and defendant's daughter, Beverly Sperry. The action was brought against defendant as owner of the car under the family purpose doctrine. The action was filed on 27 March 1981. Summons was issued that same day in the name of the driver, Beverly Sperry, rather than in defendant's name. The summons was served on Miss Sperry on 31 March by leaving copies with her mother. A second summons was issued on 7 April in the defendant's name and served on 13 April by leaving copies with defendant's wife.

Defendant moved to dismiss the action on the grounds of lack of personal jurisdiction, insufficient process and service of process, and failure to state a claim upon which relief could be granted. Defendant appeals from the denial of this motion to dismiss.

*Charles C. Thompson, III, for plaintiff appellee.*

*Tuggle, Duggins, Meschan, Thornton & Elrod by Joseph E. Elrod, III, and Joseph F. Brotherton for defendant appellant.*

CLARK, Judge.

The issue underlying the ultimate determination of whether the trial court erred in denying the defendant's motion to dismiss is whether this action was commenced and, if so, when.

Under G.S. 1A-1, Rule 3, a civil action is commenced by filing a complaint with the court. Rule 4(a) provides, in pertinent part: "Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." The North Carolina Rules of Civil Procedure are modeled after the Federal Rules and are numbered to correspond to them. Federal Rule 4 provides, in part, that "Upon the filing of the complaint the clerk shall forthwith issue a summons . . . ." Federal Rule 4 contains no express sanction for failure to issue the summons "forthwith." The federal circuits are split on the meaning of the word "forthwith" and what sanctions, if any, are imposed by the courts where there is a delay in issuing summons after the filing of the complaint. *See Ingram v. Kumar,* 585 F. 2d 566 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 59 L.Ed. 2d 499, 99 S.Ct. 1289 (1979); 4 Wright & Miller, Federal Practice and Procedure § 1086 (1969). The different and discretionary application of Rule 4 by the federal courts probably contributed to the addition, after the word "forthwith," of the words "and in any event within five days . . ." to North Carolina Rule 4. The purpose for this added provision, and the legislative intent as reflected in the Comment following Rule 4 in the General Statutes, was to establish an outer limit of five days after filing the complaint for issuance of summons.

W. Shuford, N.C. Civil Practice and Procedure § 3-7 (2d ed. 1981) makes the following unsupported comment:

"There is no assurance, however, that the action has been irrevocably commenced until *both* the complaint has been filed *and* the summons issued. While the action may be commenced by obtaining issuance of the summons, it will abate if the complaint is not filed within the period of time extended by the clerk's order. Also, where the filing of the complaint marks the commencement of the action, the summons, under Rule 4, must be issued within five days to keep the action from being discontinued under Rule 41(b). Lack of diligence in obtaining service of the summons may also result in a discon-

tinuance under Rule 4(e) if the process is not kept alive by endorsement or the issuance of alias or pluries summons."

In the case *sub judice* the first summons was issued on 27 March 1981, the same date of the filing of the complaint, for service on Beverly N. Sperry, who was not a party defendant. The only party defendant was Lawrence F. Sperry. It appears from the complaint that Lawrence F. Sperry was the owner, and his daughter Beverly N. Sperry was the operator, of the family-purpose automobile involved in a collision with an automobile operated by plaintiff. Thus, the name of Beverly F. Sperry in the summons was not a "misnomer," but a new and different person and party. The summons was served on her and not the defendant. This summons obviously did not comply with the requirement of Rule 4(b) that "It shall be directed to the defendant . . . ." It is generally held that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977); *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974); *Distributors v. McAndrews*, 270 N.C. 91, 153 S.E. 2d 770 (1967); *Stone v. Hicks*, 45 N.C. App. 66, 262 S.E. 2d 318 (1980).

The second summons was issued on 7 April 1981, eleven days after the complaint was filed, for service on the defendant and was duly served on 13 April 1981. This summons had an endorsement by the clerk, by which the plaintiff attempted to connect the second summons to the original summons and thus comply with Rule 4(d), which provides that if a defendant is not served within the time allowed, the plaintiff may "secure an endorsement upon the original summons for an extension of time . . . ." Rule 4(d) is not applicable because the original summons was not issued for service on the defendant but on a person other than defendant, a person not a party to the action. The Rule 4(d) provisions for an endorsement on the original summons or issuance of an alias or pluries summons apply only when the original summons was not served, and their purpose is to keep the action alive until service can be made. *Williams v. Bray*, 273 N.C. 198, 159 S.E. 2d 556 (1968); *Cherry v. Woolard*, 244 N.C. 603, 94 S.E. 2d 562 (1956). The plaintiff's argument that the second summons related back under Rule 4(f) to the date of issuance of the original summons is without merit.

It is noted that plaintiff made no attempt to amend the original summons under Rule 4(i), which allows "any process . . . to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party. . . ." It is also noted that both the original and the second summons were served by leaving a copy with Doris Sperry, mother of Beverly N. Sperry and wife of defendant. We do not have before us the issue of whether the original summons could have been amended under Rule 4(i). See *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978).

Having ruled that the original summons was not issued within five days as required by Rule 4(a) and that the second summons did not relate back to the date of issue of the original, we conclude that this action was not commenced with the filing of the complaint on 27 March 1981. If the action has never been commenced and the court has no personal jurisdiction over the defendant, the trial court erred in denying the defendant's motion to dismiss.

When proper summons was not issued within five days of the filing of the complaint on 27 March 1981, the action was subject to dismissal upon motion by the defendant before the issuance of the second summons for service on the defendant. The motion to dismiss was made after the issuance and service of the second summons. The action abated upon failure to issue proper summons within five days of filing the complaint, but the action revived upon the issuance and service of summons on defendant. Therefore, the effect of the second summons, issued on 7 April 1981 for service on the named defendant and served on 13 April 1981, was to revive and commence a new action on the date of issue. For a supporting decision under former law, *see Morton v. Insurance Co.*, 250 N.C. 722, 110 S.E. 2d 330 (1959); and *see* Rule 4(e).

The defendant in his brief argues the bar of the statute of limitations. This issue was not before the trial court and is not before us. Defendant has not filed answer. The issue is prematurely raised.

This action having been reinstated and commenced on 7 April 1981, denial by the trial court of the defendant's motion to dismiss is affirmed.

Affirmed.

Judges ARNOLD and WEBB concur.