DOUGLAS E. TART, PLAINTIFF v. PRESCOTT'S PHARMACIES, INC., D/B/A THE MEDICINE SHOPPE; CKI INDUSTRIES, INC.; NATROL, INC.; ELBERT CARL ANDERSON, JR., INDIVIDUALLY; BARBARA W. LARKINS, INDIVIDUALLY; AND RONALD E. ANDERSON, INDIVIDUALLY, DEFENDANTS

No. 9410SC421

(Filed 18 April 1995)

1. Courts § 5 (NCI4th)— action against alter ego of bankrupt corporation—subject matter jurisdiction

The trial court had subject matter jurisdiction of plaintiff's claims against defendants as the alter ego of a bankrupt corporation for negligent misrepresentation and breach of warranties of a weight loss drug since plaintiff's claims did not belong to the bankruptcy estate and did not have to be prosecuted by the bankruptcy trustee.

Am Jur 2d, Courts §§ 87-97.

2. Courts § 15 (NCI4th)— nonresident defendants—personal jurisdiction—minimum contacts—due process

The trial court had authority under N.C.G.S. § 1-75.4(4) to exercise personal jurisdiction over the nonresident defendants where plaintiff alleged that the individual defendants, as officers, directors and the alter ego of a Florida corporation, supplied a weight loss drug to defendant pharmacy in this state; the Florida corporation manufactured, marketed and distributed the drug;

TART v. PRESCOTT'S PHARMACIES, INC.

[118 N.C. App. 516 (1995)]

and plaintiff's injuries were caused by his consumption of the drug. Furthermore, the nonresident defendants had sufficient minimum contacts with this state so that the exercise of personal jurisdiction over them did not violate due process where defendants, as the alter ego of the Florida corporation, advertised the weight loss drug in the print and electronic media; the corporation sold the drug to defendant distributor, who advertised and sold the drug to defendant pharmacy in this state; and the individual defendants, through the corporation and their distributor, thus injected the drug into the stream of commerce in this state with the expectation that the drug would be purchased by consumers here.

**Am Jur 2d, Courts §§ 118-119.**

**3. Appeal and Error § 118 (NCI4th)— denial of summary judgment—no immediate appeal**

An order denying motions for summary judgment by plaintiff and by one defendant is interlocutory and not immediately appealable.

**Am Jur 2d, Appellate Review § 162.**

Appeal by plaintiff and defendants from order entered 13 December 1993 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 2 February 1995.

This action arises out of the alleged marketing and sale by defendants of a weight loss drug named Cal-Ban 3000. In his complaint, plaintiff alleges he suffered a ruptured colon as a result of taking Cal-Ban 3000. Plaintiff's wife purchased the drug from defendant Prescott's Pharmacies after reading newspaper advertisements which stated that the drug was 100% natural and had been clinically tested for safety. The newspaper advertisements also stated that persons taking Cal-Ban 3000 would lose weight without changing their eating habits. Plaintiff's wife purchased the drug on 28 June 1990, and plaintiff began taking the drug according to the instructions on the label. On 5 July 1990, plaintiff suffered a ruptured colon.

The individual defendants (hereinafter defendants) began marketing the drug through a shell corporation advertised as Anderson Pharmacals doing business as Health Care Products, Inc. (hereinafter Health Care). Health Care was a Florida corporation. In September

TART v. PRESCOTT'S PHARMACIES, INC.

[118 N.C. App. 516 (1995)]

1987, the United States Postal Service charged defendants and Health Care with obtaining money through the mail by means of false representations. On 3 March 1989, the United States Postal Service entered a cease and desist order against Health Care to stop representing that Cal-Ban 3000 would significantly reduce weight without exercise and without changes in eating habits. Sometime in 1989, defendant CKI Industries, also a Florida based company, started soliciting pharmacies and health-food stores to purchase the drug and sell it in their stores. Defendant Prescott's Pharmacies obtained the drug from defendant CKI Industries.

Plaintiff asserts claims against all defendants for fraud, negligence, negligent misrepresentation, breach of express and implied warranties, strict liability, unfair and deceptive trade practices and punitive damages. Defendants moved to dismiss for lack of personal jurisdiction. Defendant Prescott's Pharmacies and defendant CKI Industries moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant Prescott's Pharmacies also moved for summary judgment. During the hearings on defendants' motions, plaintiff made an oral motion for summary judgment.

On 13 December 1993, the trial court held that it had personal jurisdiction over all defendants. The trial court dismissed certain claims against defendant Prescott's Pharmacies, and awarded summary judgment for Prescott's Pharmacies on several other claims. Defendant Prescott's Pharmacies motion for summary judgment was denied as to plaintiff's claims based on negligence, breach of warranties and negligent misrepresentation. Defendant CKI Industries' motion to dismiss was denied. Plaintiff's oral motion for summary judgment was denied.

Defendants and Defendant Prescott's Pharmacies appeal. Plaintiff cross-appeals.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams and Robert O. Jenkins; Pope, Tilghman, Tart & Taylor, by Patrick H. Pope, for plaintiff-appellee and cross-appellant.*

*Shumaker, Loop & Kendrick, by Kevin H. Graham and Robert A. Donat, for individual defendant-appellants.*

*Yates, McLamb & Weyher, by Kirk G. Warner and Barry S. Cobb, for defendant-appellant Prescott's Pharmacies.*

TART v. PRESCOTT'S PHARMACIES, INC.

[118 N.C. App. 516 (1995)]

EAGLES, Judge.

Defendants appeal the trial court's denial of their motion to dismiss for lack of personal jurisdiction. Defendant Prescott's Pharmacies appeals the denial of its motion for summary judgment on plaintiff's claims of negligence, breach of warranties and negligent misrepresentation. Plaintiff cross-appeals the denial of its motion for summary judgment. After careful review of the record and briefs, we dismiss defendant Prescott's Pharmacies appeal and plaintiff's cross-appeal and affirm the trial court's order denying defendants' motion to dismiss for lack of personal jurisdiction.

I.

[1] Defendants contend that the trial court erred in denying their motion to dismiss for lack of personal jurisdiction. Defendants contend that the trial court lacked personal jurisdiction over them because the trial court did not have subject matter jurisdiction over the claims brought forward in plaintiff's complaint. We disagree.

Subject matter jurisdiction is a prerequisite to the exercise of personal jurisdiction. G.S. 1-74.4; *Church v. Carter*, 94 N.C. App. 286, 288, 380 S.E.2d 167, 168 (1989). G.S. 7A-240 confers subject matter jurisdiction on the trial courts of this state "[in] all justiciable matters of a civil nature," except where jurisdiction specifically lies elsewhere. G.S. 7A-240; *Church v. Carter*, 94 N.C. App. 286, 288, 380 S.E.2d 167, 168 (1989). Plaintiff's complaint alleges that Health Care was merely the instrumentality or alter ego of defendants and that defendants were personally liable for the acts of Health Care. Defendants contend that on 23 August 1991, Health Care filed a petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida under Chapter 7 of the Bankruptcy Code. Defendants contend that plaintiff's claims against them as the alter ego of Health Care belong to the bankruptcy trustee. Defendants further contend that the trustee may not abandon a claim of the bankrupt debtor without a court order. 11 U.S.C. § 554(a), (b). Defendants cite *Steyer-Daimler-Puch of America Corp. v. Pappas*, 852 F.2d 132 (4th Cir. 1988) and *Holcomb v. Pilot Freight Carriers*, 120 B.R. 35 (Bankr. M.D.N.C. 1990) for the proposition that alter ego claims belong to the bankruptcy estate and must be prosecuted by the bankruptcy trustee. We find these cases inapposite.

Health Care filed for bankruptcy in the U.S. Bankruptcy Court, Middle District of Florida, Tampa Division. The question of whether

plaintiff's alter ego claims here belong to the bankrupt estate and must be prosecuted by the bankruptcy trustee is controlled by the decisions of the Eleventh Circuit Court of Appeals. *See Litman v. Massachussetts Mutual Life Insurance Co.*, 825 F.2d 1506, 1508 (11th Cir. 1987) ("Absent a Supreme Court decision to the contrary, district courts are compelled to follow mandates of appellate courts"). In *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979 (11th Cir. 1990), the Eleventh Circuit Court of Appeals held that a bankruptcy trustee does not have standing to assert specific claims of the creditors of the bankrupt. In *Hadley*, GIC Government Securities (hereinafter GIC), a dealer in government-backed mortgage securities had a margin account with E.F. Hutton & Co. (hereinafter Hutton). Under the margin account, GIC was permitted to purchase securities by paying Hutton a portion of the purchase price and Hutton loaning GIC the balance of the purchase price. In July and September of 1985, Hutton sold $1,700,000 and $3,000,000 respectively of GIC-purchased securities pursuant to the terms of the margin account. These securities belonged to GIC customers who had paid GIC in full for those securities. Although these securities had been paid in full by GIC customers, full payment had not been received by Hutton from GIC. In October 1985, GIC filed for bankruptcy and Hadley was appointed bankruptcy trustee. Hadley filed suit against Hutton on behalf of GIC customers who had fully paid GIC for their securities which had been sold by Hutton pursuant to its margin account with GIC.

The *Hadley* court noted that although Hadley was asserting the claims of GIC customer creditors, the GIC customers had never delegated their authority to pursue their claims to Hadley. In discussing the duties of the bankruptcy trustee, the court stated that the trustee is to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1). Property of the bankrupt estate is defined as "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The court went on to hold that bankruptcy trustee Hadley had failed to show that GIC, the bankrupt, had any possessory interest in those securities. The court recognized that several other jurisdictions had held that the bankruptcy trustee had standing to bring actions against third parties on behalf of creditors of the bankrupt. The *Hadley* court expressly disapproved of *Pappas* and held that "the bankruptcy trustee does not have standing to assert claims of creditors of the bankrupt." *Hadley*, 901 F.2d at 985; *see also, Felton v. Prudential Bache Securities*, 122 B.R. 466 (S.D.Fl. 1990); *but see, Steyer-Daimler-Puch of America Corp. v. Pappas*, 852

F.2d 132 (4th Cir. 1988); *Holcomb v. Pilot Freight Carriers*, 120 B.R. 35 (Bankr. M.D.N.C. 1990). Accordingly, we hold that because plaintiff's claim here is not a property of the bankrupt estate, the trial court has subject matter jurisdiction over plaintiff's claims.

[2] Having determined that the trial court has subject matter jurisdiction over plaintiff's claims, we now consider whether the trial court has personal jurisdiction over defendants. Personal jurisdiction involves a two-step analysis. First, we determine whether the trial court has statutory authority to exercise jurisdiction and second, whether the exercise of jurisdiction violates constitutional due process. *Church v. Carter*, 94 N.C. App. 286, 289, 380 S.E.2d 167, 169 (1989).

The North Carolina "long-arm" statute, G.S.1-75.4, lists twelve "circumstances" under which a court having subject matter jurisdiction may exercise personal jurisdiction. G.S. 1-75.4(4) confers jurisdiction when there has been an "injury to person or property within this State arising out of an act or omission outside this State by the defendant" provided that at the time of the injury, "Solicitation or services activities were carried on within this State by or on behalf of the defendant; or Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade." G.S. 1-75.4(4). Here, plaintiff alleged that defendants, as the principal officers and directors and alter ego of Health Care, supplied Cal-Ban 3000 to defendant Prescott's Pharmacies in this State and that plaintiff's injuries were caused by his consumption of the product. The complaint also alleged that Health Care manufactured, marketed and distributed the drug. We hold that the trial court had statutory authority under G.S. 1-75.4(4) to exercise jurisdiction over defendants.

We now address the issue of whether the exercise of personal jurisdiction in this instance is consistent with constitutional due process. We note initially that our long-arm statute is designed to confer jurisdiction over nonresident defendants to the fullest extent possible under the due process clause of the Fourteenth Amendment. *Church v. Carter*, 94 N.C. App. at 290, 380 S.E.2d at 169. Under the Due Process clause, a defendant must have sufficient "minimum contacts" with the forum state so that the state's exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (citations omitted). A forum state does not

exceed its authority under the Due Process Clause, "if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 62 L.Ed.2d 490, 502 (1980). When a corporation purposefully avails itself of the privilege of conducting activities in this State, it is not unreasonable to subject it to suit here. *Id.* at 297, 62 L.Ed.2d at 501; *Cox v. Hozelock, Ltd.*, 105 N.C. App. 52, 411 S.E.2d 640 (1992).

Defendants, as the alter ego of Health Care, advertised Cal-Ban 3000 in various print and electronic media. Health Care sold the Cal-Ban 3000 capsules to its distributor, defendant CKI Industries, who in turn advertised and sold the drug to defendant Prescott's Pharmacies. Plaintiff's wife purchased the drug from defendant Prescott's Pharmacies. "A foreign [corporation] cannot shield itself from liability for injuries caused by its defective product in the forum state with which it has no direct contacts simply by funnelling its products through a . . . completely separate and uncontrolled subsidiary or through an exclusive agent or distributor." *Bush v. BASF Wyandotte Corp.*, 64 N.C. App. 41, 50, 306 S.E.2d 562, 568 (1983). Here, defendants, through Health Care, sold the Cal-Ban 3000 tablets and capsules to defendant CKI Industries, who in turn sold the drug to defendant Prescott's Pharmacies. Plaintiff's wife allegedly purchased the Cal-Ban 3000 capsules that allegedly injured her husband from defendant Prescott's Pharmacies. Accordingly, defendants, through Health Care and their distributor CKI Industries, injected Cal-Ban 3000 into the stream of commerce of this State with the expectation that the drug would be purchased by consumers here. The trial court properly exercised personal jurisdiction over defendants.

## II.

[3] We dismiss plaintiff's cross-appeal and defendant Prescott's Pharmacies appeal as interlocutory. Both parties appeal the denial of their motions for summary judgment. Generally, the denial of a motion for summary judgment is an interlocutory order and not immediately appealable. *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 230 (1985).

In sum, the trial court's decision denying defendants' motion to dismiss for lack of personal jurisdiction is affirmed. Plaintiff's cross-appeal and defendant Prescott's Pharmacies appeal are dismissed.

Affirmed in part, dismissed in part.

Judges WALKER and McGEE concur.