IN THE MATTER OF JESSICA MITCHELL, Juvenile

No. COA96-984

(Filed 3 June 1997)

**Infants or Minors § 82 (NCI4th)— neglected juvenile—summons never issued—absence of jurisdiction**

The trial court did not acquire jurisdiction over a juvenile neglect proceeding where no summons was issued as required by N.C.G.S. § 7A-564; the parents cannot be deemed to have voluntarily submitted to the jurisdiction of the court by their appearance at the initial nonsecure custody hearing since they made a timely oral motion to dismiss the petition because no summons had been issued.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 43.**

Appeal by respondents from juvenile order entered 7 June 1996 by Judge J. Henry Banks in Warren County District Court. Heard in the Court of Appeals 23 April 1997.

*Frank W. Ballance, Jr. & Associates, P.A., by Garey M. Ballance for petitioner-appellee.*

*Banzet, Banzet & Thompson, by Lewis A. Thompson, III, for respondent-appellants.*

*Pelfrey & Pelfrey, by Melissa D. Pelfrey, Attorney Advocate for the Guardian ad Litem.*

MARTIN, John C., Judge.

Respondent parents appeal from an order adjudicating their daughter a neglected juvenile as defined in G.S. § 7A-517(21). The procedural history is as follows: On 18 March 1996, the Warren County Department of Social Services (DSS) received information suggesting that the juvenile had been sexually abused. On the same date, DSS formulated a Child Protective Services Protection Plan, to which the respondents agreed. On 21 March 1996, DSS filed a juvenile petition alleging the juvenile to be a neglected juvenile. No summons was issued as required by G.S. § 7A-564, however, respondents and their attorney appeared before the district court judge for a non-

secure custody hearing. From the record, it appears that respondents' counsel moved to dismiss the petition because no summons had been issued; the motion was apparently denied and the hearing went forward resulting in the entry of an order providing for the child to remain in the legal custody of her parents, but requiring that she reside with her maternal grandmother, and imposing certain other conditions specified in the order.

On 18 April 1996 respondents' counsel filed a written motion to dismiss on the ground, *inter alia*, that no summons had ever been issued. The motion was denied by written order dated 13 May 1996, in which the district court concluded that since respondents had appeared with counsel at the 21 March 1996 hearing, the court had jurisdiction over the parties and subject matter. On 7 June 1996 the district court entered an order adjudicating the juvenile a neglected juvenile, providing that she remain in the custody of respondents, requiring that respondents undergo counseling, and providing for supervision by DSS.

---

The dispositive issue on appeal is whether the court acquired jurisdiction of the subject matter of this juvenile action and the persons of the respondents without the proper issuance of summons. We hold that it did not.

A juvenile action, including a proceeding in which a juvenile is alleged to be abused or neglected, is commenced by the filing of a petition. N.C. Gen. Stat. § 7A-563. G.S. § 7A-564(a) provides "[i]mmediately after a petition has been filed alleging that a juvenile is abused, neglected, dependent, undisciplined, or delinquent, the clerk *shall* issue a summons . . ." (emphasis added). In a juvenile action, the petition is the pleading; the summons is the process. N.C. Gen. Stat. § 7A-559. The issuance and service of process is the means by which the court obtains jurisdiction. *Latham v. Cherry*, 111 N.C. App. 871, 433 S.E.2d 478 (1993), *cert denied*, 335 N.C. 556, 441 S.E.2d 116 (1994); *Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 319 S.E.2d 329 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985); *In re Leggett*, 67 N.C. App. 745, 314 S.E.2d 144 (1984). Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action. *Swenson v. Assurance Co.*, 33 N.C. App. 458, 235 S.E.2d 793 (1977).

Petitioner argues, and the trial court concluded, that because respondents appeared with counsel at the initial hearing they obvi-

**IN RE MITCHELL**

[126 N.C. App. 432 (1997)]

ously had actual notice, and that issuance and service of the summons was not required. However, "[i]t is generally held that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit." *Roshelli v. Sperry*, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982). Moreover, respondents cannot be held to have voluntarily submitted to the jurisdiction of the court by their appearance at the initial hearing, since they timely raised the issue of insufficiency of process at that hearing by their oral motion to dismiss.

Because no summons has ever been issued, the court did not acquire jurisdiction, and respondents' motion to dismiss should have been allowed. Since the court acquired no jurisdiction, it was without authority to enter the 7 June 1997 order adjudging the juvenile a neglected juvenile. The order from which respondents appeal must be vacated.

Order vacated.

Judges COZORT and McGEE concur.