In the Matter of H.S.F.
No. COA05-586
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Cleveland County No. 04 J 007.
Charles E. Wilson, Jr. for petitioner-appellee Cleveland County Department of Social Services.
Rebekah W. Davis for respondent-father-appellee.
Susan P. Hall for respondent-mother-appellant.
Leslie C. Rawls for respondent-stepfather-appellant.
CALABRIA, Judge.
C.B. ("respondent-mother") and D.B. ("respondent-stepfather") appeal from order of the trial court adjudicating H.S.F. ("the minor child") neglected and determining that J.F. ("respondent-father") and respondent-mother share joint legal custody of the minor child with her primary physical custody with respondent-father. We dismiss respondent-stepfather's appeal and affirm the order of the trial court.

I. Facts
On 28 January 2004, the Cleveland County Department of Social Services ("D.S.S.") filed a juvenile petition in this case,alleging that the minor child was neglected in that she lived in an environment injurious to her welfare. Specifically, the petition alleged as a result of domestic violence between respondent-mother and respondent-stepfather, both respondent-mother and respondent-stepfather obtained protective orders against each other. According to the petition, respondent-mother gave "several different accounts of her injury and what happened that led to the 50B [protective order, all of which she later said occurred during a diabetic incident] including stating that she fell and hit the corner of a table, that she fell and hit a ceramic cat in the living room floor, and that [respondent-stepfather] had pushed her up against the refrigerator to give her [a] shot[.]" Respondent-stepfather's protective order stated that respondent-mother "had attempted to cause him bodily harm with a 22 rifle and a [baseball] bat" and that respondent-mother was "using cocaine and sold his tools."
The petition further alleged that a communications assistance report obtained by D.S.S. revealed 99 incidents that occurred from 17 March 1998 to 16 November 2003, which included "larceny reports, diabetic problems, assault/rape, suicide/investigation, warrant attempt service, domestic calls, overdose/ingestion/poisoning, communicat[ing] threats, welfare checks, assault, [assistance by] EMS, discharging firearms, [assistance by] DSS, transports, vandalism, [a] 911 hang up, and custody order calls." The petition additionally stated that D.S.S. had received a phone call that [respondent-stepfather] had "broken both of [respondent-mother's]arms and legs and given her numerous black eyes." Subsequent to the filing of the petition, the trial court entered an order for non-secure custody of the minor child to D.S.S. and then entered orders on need for continued non-secure custody.
On 16 April 2004, respondent-father filed a motion for physical and legal custody of the minor child. The trial court then conducted an adjudication and dispositional hearing. On 14 May 2004, the trial court held that the minor child was neglected, granted legal custody to respondent-mother and respondent-father, and granted physical custody to respondent-father with physical placement of the minor child at the residence of the paternal grandmother. Respondent-mother and respondent-stepfather appeal.

II. Dismissal of Respondent-Stepfather's Appeal
D.S.S. argues on appeal that "the trial court erred as a matter of law in denying the petitioner's motion to dismiss the appeal of [respondent-stepfather] in that the stepfather is not a proper party for appeal pursuant to N.C. Gen. Stat. § 7B-1002 (2003)." We agree.
North Carolina General Statutes § 7B-1002 (2003)[1] states, "An appeal may be taken by the guardian ad litem or juvenile, the juvenile's parent, guardian, or custodian, the State or county agency." Pursuant to N.C. Gen. Stat. § 7B-101(8) (2005) a "custodian" is a person who "has been awarded legal custody of a juvenile by a court or a person, other than parents or legal guardian, who has assumed the status and obligation of a parent without being awarded the legal custody of a juvenile by a court." On the other hand, a "caretaker" is defined as "[a]ny person other than a parent, guardian, or custodian who has responsibility for the health and welfare of a juvenile in a residential setting. . . . " N.C. Gen. Stat. § 7B-101(3) (2005). Moreover, "[a] person responsible for a juvenile's health and welfare means [inter alia] a stepparent[.]" Id.
In In re A.P., 165 N.C. App. 841, 600 S.E.2d 9 (2004), this Court considered the respective meanings of the terms "custodian" and "caretaker" and held that listing a respondent's name on a petition fails to establish that he or she is a "custodian" within the meaning of N.C. Gen. Stat. § 7B-101(8). Id., 165 N.C. App. at 844, 600 S.E.2d at 11. Rather, the distinction between a "custodian" and a "caretaker" depends on whether respondent stands in loco parent is. Id. On these facts, the petition stated that respondent-stepfather had the relationship of "Step Father" to the minor child, and there is no evidence in the record that respondent-stepfather had been granted legal custody of the minor child. Moreover, the minor child has two biological parents and resided with her biological mother at the time of the petition. Accordingly, respondent-stepfather is a "caretaker" under N.C. Gen. Stat. § 7B-101(3), and the trial court erred in denying D.S.S.'s motion to dismiss his appeal.

III. Subject Matter and Personal Jurisdiction
Respondent-mother initially argues that the trial court lacked subject matter and personal jurisdiction because a summons was not issued and served upon her. We disagree.
North Carolina General Statutes § 7B-401 (2005) states, "The pleading in an abuse, neglect, or dependency action is the petition. The process in an abuse, neglect, or dependency action is the summons." Pursuant to N.C. Gen. Stat. § 7B-406 (2005),
(a) Immediately after a petition has been filed alleging that a juvenile is abused, neglected, or dependent, the clerkshall issue a summons to the parent, guardian, custodian, or caretaker requiring them to appear for a hearing at the time and place stated in the summons. . . . A copy of the petition shall be attached to each summons. . . .
(Emphasis added). Respondent-mother argues that this provision is mandatory, and in the absence of a summons, the trial court "acquired jurisdiction over neither the persons nor the subject matter of the action, and was without authority to enter [an] order adjudicating a juvenile as neglected." We agree that generally, "process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit." Matter of Mitchell,
126 N.C. App. 432, 432, 485 S.E.2d 623, 624 (1997) (citations omitted). However, in this case, respondent-mother waived proper service of process by fully participating in the proceeding without raising the issue of insufficiency of process. North Carolina General Statutes § 1-75.7 (2005) provides:
A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance[.] . . .
Moreover, our Supreme Court has noted that in determining whether a general appearance has occurred, this section must be construed along with N.C. Gen. Stat. § 1A-1, Rule 12. Lynch v. Lynch, 302 N.C. 189, 197, 274 S.E.2d 212, 219, modified on rehearing, 303 N.C. 367, 279 S.E.2d 840 (1981). North Carolina General Statutes § 1A-1, Rule 12 (2005) states in pertinent part:
(h) Waiver or preservation of certain defenses. (1) A defense of lack of jurisdiction over the person, . . . insufficiency of process, or insufficiency of service of process is waived . . . (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
In the case sub judice, respondent fully participated in the proceedings without raising the issue of insufficiency of service of process. We hold respondent's participation amounts to a general appearance; therefore, she waived the issue. See Williams v. Williams, 46 N.C. App. 787, 789-90, 266 S.E.2d 25, 28 (1980). Accordingly, this assignment of error is without merit.

IV. Findings of Fact and Conclusions of Law
Respondent-mother next argues that clear, cogent, and convincing evidence does not support findings of fact 12, 13, 22, and 23. On appeal from the adjudication phase, we consider whether the trial court's findings are supported by clear and convincing evidence. N.C. Gen. Stat. § 7B-805 (2005). If the findings are supported by clear and convincing evidence, we consider whether they support the trial court's conclusions of law. In re M.J.G., 168 N.C. App. 638, 643, 608 S.E.2d 813, 816 (2005). Because respondent-mother has failed to challenge the conclusion of law that the minor child is neglected, it would be futile to consider her assignments of error regarding the findings of fact. In re P.L.P., ___ N.C. App. ___, ___, 618 S.E.2d 241, 246 (2005). Accordingly, we do not reach these assignments of error.

V. Ceasing Efforts Toward Reunification
Respondent-mother argues that the trial court erred in its findings of fact and conclusions of law that D.S.S. made reasonable efforts toward reunification and is relieved of its duty to continue efforts toward reunification of the minor child with her. The trial court did not err in so finding and concluding because the minor child's legal custody has been granted both to respondent-mother and respondent-father with primary physical custody granted to respondent-father. As such, D.S.S. has no further duty in this case given that the minor child is no longer in D.S.S.'s legal or physical custody. See N.C. Gen. Stat. § 7B-507(b) (2003) (applying when the trial court ceases reunification "in any order placing a juvenile in the custody or placement responsibility of a county department of social services") (emphasis added).

VI. Dispositional Phase
Respondent-mother argues that the trial court abused its discretion in the dispositional phase by determining that it was in the best interests of the minor child for primary physical custody to be granted to respondent-father. On review from the dispositional phase, we consider whether the trial court abused its discretion in determining the best interests of the minor child. In re Nesbitt, 147 N.C. App. 349, 352, 555 S.E.2d 659, 662 (2001). An abuse of discretion results when a trial court's determination is manifestly without reason. Sharp v. Sharp, 116 N.C. App. 513, 520, 449 S.E.2d 39, 43 (1994). Given respondent-mother's history of substance abuse and the severe domestic violence to which the minor child was exposed, we find no abuse of discretion in the trial court's determination that primary physical custody should be granted to respondent-father.

VII. North Carolina General Statutes § 7B-507(c) (2005)
Respondent-mother argues that the trial court erred in failing to comply with N.C. Gen. Stat. § 7B-507(c), which states:
At any hearing at which the court finds that reasonable efforts to eliminate the need for the juvenile's placement are not required or shall cease, the court shall direct that a permanency planning hearing as required by G.S. 7B-907 be held within 30 calendar days after the date of the hearing and, if practicable, shall set the date and time for the permanency planning hearing. . . . Respondent-mother specifically states a violation of this statute occurred because, "In the case at hand, the next court date was scheduled for an August 2004 session, a little over three months from the date of the hearing in question." We have held that violation of the statutory time lines do not result in per se reversal in the absence of a showing of prejudice resulting from the delay. In re C.J.B., ___ N.C. App. ___, ___, 614 S.E.2d 368, 369-70 (2005). In this case, respondent-mother has failed to argue any prejudice, and we, therefore, hold this assignment of error is without merit.

VIII. Failure to Appoint a Guardian ad Litem

In her last argument on appeal, respondent-mother argues "the trial court erred in determining that one of the grounds for neglect is that the respondent mother abused substances, as this goes to dependency[,] [and] respondent mother should have been appointed a guardian under [N.C. Gen. Stat. § 7B-602 (2003)]."
North Carolina General Statutes § 7B-602(b)[2], in pertinent part, states:
a guardian ad litem shall be appointed in accordance with the provisions of G.S. 1A-1, Rule 17, to represent a parent in the following cases: (1) Where it is alleged that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 in that the parent is incapable as a result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other similar cause or condition of providing for the proper care and supervision of the juvenile[.]
In this case, the petition did not allege that the minor child was a dependent juvenile but rather that she was neglected. Nonetheless, an appointment of a guardian ad litem may be necessary, although D.S.S. did not allege dependency, when the"issues that were present . . . were intertwined in such a way as to obviate consideration of the . . . order without concurrent consideration of the [dependency issues] that were present." In the Matter of L.W., ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2006) (requiring appointment of a guardian ad litem when a respondent's mental issues were intertwined with her neglect of a minor child). In the case sub judice, the trial court found, inter alia, that "the juvenile is a neglected juvenile based upon the respondent mother's history of prescribed substance abuse for more than ten years" and that respondent-mother's use of prescription drugs "could be substance abuse." The trial court also found that "the juvenile is a neglected juvenile based upon domestic violence, the mother's health, and the mother's abuse of prescribed medication." Although the trial court listed the respondent-mother's abuse of prescribed medication as one reason why the juvenile was a neglected juvenile, the findings as a whole do not support the contention that respondent-mother was incapable as a result of this substance abuse of providing proper care and supervision for the juvenile such that the juvenile was a "dependent juvenile." See N.C. Gen. Stat. § 7B-602; In the Matter of L.W., ___ N.C. App. at ___, ___ S.E.2d at ___ ("it [is] the substance of the trial court's reasoning, not specific citations to or allegations of dependency, that control[] whether the appointment of a guardian ad litem . . . was statutorily required [under the applicable, pre-amendment version of § 7B-602]"). Accordingly, the trial court did not err in failing to appoint respondent a guardian ad litem. See In re H.W., 163 N.C. App. 438, 447, 594 S.E.2d 211, 216 (2004).
Respondent-mother has failed to properly raise for our review her remaining assignments of error, and we deem them abandoned. N.C. R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument or authority cited, will be taken as abandoned").
Affirmed.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] 1. We note that N.C. Gen. Stat. § 7B-1002 has recently been amended. The amended version of the statute applies to petitions or actions filed on or after 1 October 2005. Because the petition in this case was filed prior to that date, we apply the version of the statute as it existed prior to amendment.
[2] 2. North Carolina General Statutes § 7B-602 has been amended. The amended version of the statute became effective on 1 October 2005 and applies to petitions or actions filed on or after that date. The statute as it existed prior to the amendment is applicable in this case because the petition was filed prior to 1 October 2005.