CONNER BROTHERS MACHINE COMPANY, INC., PLAINTIFF-APPELLEE v. RITA ROGERS, INDIVIDUALLY, TIM CONNER ENTERPRISES, INC. D/B/A SPENCER-PETTUS MACHINE COMPANY, AND TIM CONNER, INDIVIDUALLY, DEFENDANTS-APPELLANTS

No. COA05-1116

(Filed 16 May 2006)

**Injunctions— preliminary—lack of subject matter jurisdiction**

The trial court erred in a breach of fiduciary duty, conversion, tortious interference with contractual relations, conspiracy, unfair and deceptive trade practices, trade secrets act violations, and unjust enrichment case by entering a preliminary injunction, and the injunction is vacated because: (1) the action had abated based on lack of issuance or service of a civil summons; and (2) although the parties purported to agree in the record on appeal that the trial court had subject matter jurisdiction, parties cannot stipulate to give a court subject matter jurisdiction where no such jurisdiction exists.

Appeal by defendants from preliminary injunction entered 22 April 2005 and order entered 3 June 2005, *nunc pro tunc* 2 May 2005, by Judge W. Robert Bell in Superior Court, Gaston County. Heard in the Court of Appeals 19 April 2006.

*McNair Law Firm, P.A., by Allan W. Singer and Marna M. Albanese, for plaintiff-appellee.*

*Gray, Layton, Kersh, Solomon, Sigmon, Furr & Smith, P.A., by David W. Smith, III and William E. Moore, Jr. for defendants-appellants.*

McGEE, Judge.

Plaintiff filed a complaint dated 1 March 2005, alleging claims against defendants for (1) breach of fiduciary duty, (2) conversion, (3) tortious interference with contractual relations, (4) conspiracy, (5) unfair and deceptive trade practices, (6) trade secrets act violations, and (7) unjust enrichment. Plaintiff also moved for the issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction against defendants. No summons was ever issued.

The trial court entered a temporary restraining order against defendants on 1 March 2005. The trial court entered a preliminary

injunction against defendants on 22 April 2005. Defendants filed a motion for relief from the preliminary injunction pursuant to Rule 60, and a motion to stay, on 10 May 2005. The trial court heard defendants' motions on 18 May 2005. The trial court entered an order denying defendants' Rule 60 motion and motion to stay on 3 June 2005, *nunc pro tunc* 2 May 2005. Defendants appeal.

Defendants argue "[t]he issuance of the preliminary injunction was beyond the lawful authority of the [trial] court because the action had abated for lack of issuance or service of a civil summons[.]" However, the parties purported to agree in the statement of jurisdiction in the record on appeal that "[t]he [trial court] had subject matter jurisdiction over all matters and things presented to the [trial] court and raised on appeal." Accordingly, defendants appear to challenge the trial court's exercise of personal jurisdiction over defendants.

However, "[s]ubject matter jurisdiction is a prerequisite to the exercise of personal jurisdiction." *Tart v. Prescott's Pharmacies, Inc.*, 118 N.C. App. 516, 519, 456 S.E.2d 121, 124 (1995). "[P]arties cannot stipulate to give a court subject matter jurisdiction where no such jurisdiction exists." *Northfield Dev. Co. v. City of Burlington*, 165 N.C. App. 885, 887, 599 S.E.2d 921, 924, *disc. review denied*, 359 N.C. 191, 607 S.E.2d 278 (2004). A "lack of jurisdiction of the subject matter may always be raised by a party, or the court may raise such defect on its own initiative." *Dale v. Lattimore*, 12 N.C. App. 348, 352, 183 S.E.2d 417, 419, *cert. denied*, 279 N.C. 619, 184 S.E.2d 113 (1971). In the present case, we raise the issue of lack of jurisdiction over the subject matter *ex mero motu*. See *In re N.R.M., T.F.M.*, 165 N.C. App. 294, 296-97, 598 S.E.2d 147, 148-49 (2004).

"A civil action is commenced by filing a complaint with the court." N.C. Gen. Stat. § 1A-1, Rule 3(a) (2005). Rule 4 of the Rules of Civil Procedure provides as follows: "Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2005). The comment to Rule 4(a) makes clear that "[t]he five-day period was inserted to mark the outer limits of tolerance in respect to delay in issuing the summons." N.C.G.S. § 1A-1, Rule 4(a), Comment. Our Court has held that where a summons does not issue within five days of the filing of a complaint, the action abates and is deemed never to have commenced. *Roshelli v. Sperry*, 57 N.C. App. 305, 308, 291 S.E.2d 355, 357 (1982). Where an action is deemed never to have commenced, "a trial

court necessarily lacks subject matter jurisdiction." *In re A.B.D.*, 173 N.C. App. 77, 86, 617 S.E.2d 707, 713 (2005). Our Court has also held that "[w]here no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action." *In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) (citing *Swenson v. Assurance Co.*, 33 N.C. App. 458, 465, 235 S.E.2d 793, 797 (1977)).

In the present case, plaintiff filed its complaint dated 1 March 2005. However, as the record shows, and as plaintiff stated during oral argument, no summons was ever issued. The action abated when no summons was issued within five days of the filing of the complaint. *See Roshelli*, 57 N.C. App. at 308, 291 S.E.2d at 357. Because no summons was issued, the action is deemed never to have commenced. *See Id.* When the trial court entered the preliminary injunction, it did not have subject matter jurisdiction over the action and, therefore, had no authority to enter a preliminary injunction. *See In re Mitchell*, 126 N.C. App. at 433-34, 485 S.E.2d at 624; *In re A.B.D.*, 173 N.C. App. at 86-87, 617 S.E.2d at 713-14. We therefore vacate the preliminary injunction. *See In re Mitchell*, 126 N.C. App. at 434, 485 S.E.2d at 624. Because we vacate the preliminary injunction, we do not address defendants' remaining arguments.

Vacated.

Judges GEER and STEPHENS concur.