Virkler Co. v. Chemical Techs., LLC, 2006 NCBC 16

NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05 CVS 19786

THE VIRKLER COMPANY,

        Plaintiff,

    v.

CHEMICAL TECHNOLOGIES, LLC,
CORE POINT CAPITAL, L.P., CORE POINT
MANAGEMENT CO., LLC, WALTER C.
BUTLER, JR. and J. DIXON FLEMING, JR.,

        Defendants.

- 

CHEMICAL TECHNOLOGIES, LLC
AND CORE POINT CAPITAL, L.P.,

        Counterclaim Plaintiffs,

    v.

THE VIRKLER COMPANY,
HOWARD VIRKLER, AND CRAIG
VIRKLER,

        Counterclaim Defendants.

**ORDER**

*Alston & Bird, L.L.P. by William M. D'Antignac, James C. Grant, and Jason M. Sneed for Counterclaim Plaintiffs Chemical Technologies, LLC and Core Point Capital, L.P.*

*Bishop, Capitano & Moss, P.A. by J. Daniel Bishop and Raizel A. Kahn for Counterclaim Defendants Craig Virkler and Howard Virkler.*

Diaz, Judge.

{1}    The Court heard this matter by telephone on 1 November 2006, on the Motion to Dismiss (the "Motion") of Counterclaim Defendants Howard Virkler and Craig Virkler (collectively, "the Virklers"). The Motion seeks dismissal of certain counterclaims filed by Counterclaim Plaintiffs Chemical Technologies, LLC and Core Point Capital, L.P., (collectively the "Counterclaim Plaintiffs") for failure to timely serve the Virklers with process. After considering the Court file, the written motion, the briefs

submitted by the parties, and the arguments of counsel, the Court will **DENY** the Motion. In support of its ruling, the Court enters the following:

## FINDINGS OF FACT

{2} The claims in this case arise out of a business venture combining the business activities and certain assets of Plaintiff The Virkler Company, a specialty chemicals manufacturer, with those of a similar business purchased by Defendant Chemical Technologies, LLC ("Chemical Technologies") with funding from Defendant Core Point Capital, L.P. ("Core Point Capital").

{3} On 1 November 2005, The Virkler Company filed its Complaint against Chemical Technologies. Without objection, Plaintiff filed a First Amended Complaint on 27 February 2006, which joined additional Defendants Core Point Capital, Core Point Management Co., LLC, Walter C. Butler, Jr., and J. Dixon Fleming, Jr.

{4} The parties also moved jointly for designation of the case as a mandatory complex business court case. On 1 March 2006, the Chief Justice of the North Carolina Supreme Court approved that request, and the matter was assigned to me.

{5} On 7 April 2006, the Defendants filed their Answer. Additionally, the Counterclaim Plaintiffs filed counterclaims against the Virklers and moved to join them to the action.

{6} On 24 April 2006, the Court held a case management conference with counsel. At that conference, counsel for The Virkler Company consented to the motion of the Counterclaim Plaintiffs to join the Virklers as parties.

{7} On 28 April 2006, the Court entered a consent Order granting the Counterclaim Plaintiffs' motion to join the Virklers and directing that the Virklers be served with process according to law.

{8} On 8 August 2006, the Counterclaim Plaintiffs deposed Craig Virkler as to the claims pending in this matter.

{9} On 10 August 2006, the Counterclaim Plaintiffs deposed Howard Virkler as to the claims pending in this matter.

{10} On 22 September 2006, the Virklers moved to dismiss all claims against them with prejudice, asserting that the Counterclaim Plaintiffs had failed to serve process upon them.

{11} On 25 September 2006, the Counterclaim Plaintiffs caused summonses to be issued and properly served their counterclaims on the Virklers.

Based on these findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

{12} In support of the Motion to Dismiss, the Virklers argue correctly that where a proper summons is

not issued within the time period established by the North Carolina Rules of Civil Procedure, the action is discontinued and is deemed never to have been commenced. (Virkler Mem. 2 (citing *Conner Bros. Mach. Co. v. Rogers,* 629 S.E.2d 344, 345 (N.C. Ct. App. 2006).)

{13} The question before me, however, is whether the filing of the Motion to Dismiss by the Virklers **before** the Counterclaim Plaintiffs corrected their error in failing to serve process prevents the Court from keeping the Virklers in this lawsuit. The Court concludes that it does not and, therefore, **DENIES** the Motion.

{14} Rule 3 of the North Carolina Rules of Civil Procedure states that an action is commenced by filing a complaint. N.C.G.S. § 1A-1, Rule 3 (2006). Rule 4 states that upon filing a complaint or, as in this case, the filing of a counterclaim on parties not before the Court, a plaintiff must have a summons issued within five days. N.C.G.S. § 1A-1, Rule 4(a) (2006).

{15} If a summons is not issued within five days of filing an action, the suit is discontinued. *Stokes v. Wilson & Redding Law Firm,* 72 N.C. App. 107, 111, 323 S.E.2d 470, 474 (1984). A discontinued suit may be revived by the issuance of a summons, but the date of commencement then becomes the date of the issuance of the summons, which may be important in determining whether an action has been filed within the relevant statute of limitations. *See id.*; *Roshelli v. Sperry*, 63 N.C. App. 509, 305 S.E.2d 218 (1983) (finding plaintiff's action barred by the statute of limitations because the summons was not issued until after the five-day period following the filing of the complaint and after the running of the statute of limitations).

{16} In this case, the failure of the Counterclaim Plaintiffs to serve the Virklers with process from 28 April 2006 to 25 September 2006 meant that the Virklers were not properly before the Court, even absent any affirmative act by the Virklers to dismiss the counterclaim.

{17} The Counterclaim Plaintiffs, however, have now served the Virklers with process, albeit 150 days after the Court directed them to act, and only after being alerted to the problem by the Virklers' Motion to Dismiss.

{18} In support of their Motion, the Virklers rely on language from the opinion of the North Carolina Court Appeals in *Roshelli v. Sperry*, 57 N.C. App. 305, 308, 291 S.E.2d 355, 357 (1982), suggesting that the Counterclaim Plaintiffs could not revive their lawsuit once the Virklers filed a motion to dismiss.

{19} However, as the Counterclaim Plaintiffs note (and as the Virklers concede), the only issue before the court in *Roshelli* was whether a summons issued and served before the defendants filed a motion a dismiss was sufficient to revive a discontinued suit. *Id.* In holding that the action was revived and commenced by issuance and service of the new summons, the Court of Appeals also implied that the result

might have been different had a motion to dismiss been interposed before the issuance of the second summons. *Id.*

{20}    I conclude that the extraneous language in *Roshelli* is *obiter dictum,* and thus, does not foreordain the result in this case.  And while I do not condone the inattention paid by the Counterclaim Plaintiffs to this matter, I find, for the reasons set forth below, that dismissal of the counterclaims is not appropriate here.

{21}    First, if I were to grant relief in this case, it would be limited to a dismissal of the counterclaims without prejudice.  It is clear, however, that the Counterclaim Plaintiffs intend to pursue the Virklers, whether in this action or in a separate lawsuit.  Accordingly, the reward for the Court and the parties, should I provide relief, would be two suits instead of one, a result patently inconsistent with the need to conserve scare judicial resources.

{22}    Second, the Virklers have had actual notice of the claims asserted against them for five months, and discovery in this case has proceeded on that premise.  Notably, the Virklers have failed to articulate any specific prejudice that would befall them should I deny the Motion.

{23}    The Virklers have asserted that the revived action is barred by the applicable statute of limitations.  The Court declines to consider that issue today, except to note that its decision to deny the Motion does not prevent the Virklers from seeking dismissal of the counterclaims based on a statute of limitations defense.

{24}    Finally, if the Virklers now perceive a need to conduct additional discovery beyond that undertaken to date, the Court would consider favorably a motion to re-open discovery and, if necessary, continue the trial date.

## CONCLUSION

{25}    For the reasons set forth above, the Court will **DENY** the Motion to Dismiss filed by Counterclaim Defendants Howard Virkler and Craig Virkler.

This, the 6th day of November, 2006.