Daniel, Judge.
 

 One
 
 Underwood
 
 was convicted (at Spring Term, 1840, of Haywood Superior Court,) upon an indictment for an assault and battery, and was fined five dollars and costs. He was committed to the custody of the sheriff, until the fine and costs were paid. The defendant, in consideration of
 
 Underwood’s
 
 discharge from custody, agreed to confess, and did confess, a judgment to the State for the said sum and the costs to be taxed by the clerk. On this judgment a
 
 fieri facias
 
 issued. The defendant at the next term moved the Superior Court of Haywood to set aside the judgment on these grounds:
 
 First,
 
 that it was illegal or irregular. to take such a judgment; secondly, that some of the officers of the Court told the defendant, before he confessed the judgment, that the costs would be but §15, when in truth the costs were §35. The Court overruled the motion, and the defendant appealed.
 

 We see no reason why a person may not confess a judgment or recognizance on record to the State for a sum of mo
 
 *265
 
 ney, as well as to an individual. The fine and costs against Underwood was money due to the State; and the Solicitor”1 (as its agent,) had the power, by exercising a sound discretion, to secure the money due by taking this judgment.
 

 Secondly. It did not appear that the declaration of the officer of the Court, that the costs were but $15, was made with an intent to defraud the defendant, or that he would not have confessed the judgment, if he had known that the costs were $35. We see no fraud nor undue means made use of to induce the defendant to enter up the judgment. Therefore the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.