CAROLINA FREIGHT CARRIERS CORPORATION v. LOCAL UNION #61 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARHOUSEMEN AND HELPERS OF AMERICA

No. 7127SC33

(Filed 28 April 1971)

1. **Rules of Civil Procedure § 65; Injunctions § 12— issuance of injunction — conditions precedent**

   The filing of a complaint or the issuance of a summons pursuant to G.S. 1A-1, Rule 3, is a condition precedent to the issuance of an injunction or restraining order. G.S. 1A-1, Rules 2, 3, 65(b).

2. **Master and Servant § 17; Rules of Civil Procedure § 65— restraining picketing activity by trucking union — invalid restraining order**

   Affidavit of a trucking company executive which did not meet the requirements of a complaint could not support the issuance of a temporary injunction restraining the Teamsters Union from picketing the company's headquarters; therefore, the injunction was void and the disobedience of it was not punishable. G.S. 1A-1, Rules 8(a)(2), 10(a), 11(a), and 65(b).

ON *certiorari* to review orders of *Falls, Superior Court Judge,* entered in chambers on 30 June 1970.

The record before this court reveals, in pertinent part, the following proceedings:

(1) On Sunday, 12 April 1970, at 4:00 a.m., Judge Falls entered an order restraining each member of defendant union from participating in any activity designed to bring pressure upon plaintiff; from interfering with the free and unimpeded flow of traffic and shift changes at the home office of plaintiff; from displaying any placard, poster or similar object which might indicate a labor stoppage at plaintiff's home office; and from being within a distance of 60 feet of plaintiff's property except in connection with a specific job assignment. The order provided that "the terms and provisions of this order shall expire April 22, 1970, unless extended as by law provided." The order was filed on 13 April 1970.

(2) The aforesaid order recited that it was based upon an affidavit of John L. Fraley, Executive Vice-President of plaintiff. The affidavit is dated 12 April 1970 and was filed on 13 April 1970.

(3) On 12 April 1970, John L. Fraley executed another affidavit in which he stated that the aforesaid order of Judge

Falls was executed by the sheriff of Gaston County by reading the same to various members of defendant union who were engaged in the activities being restrained; that in spite of the issuance and execution of said order, various members of defendant union continued the activities forbidden in the order. Affiant asked the court to issue a show cause order to each individual who continued to participate in the activities complained of following execution of the order.

(4) On 12 April 1970, Judge Falls issued an order requiring certain named members of defendant union, including Bill Rhew, Dennis Wright, Robert Mills, Jerry McMurray, Sam Kerley, Thomas Parker, Charles Michaels, Hubert Jarvis, David Self, Jerry Rink, William Jordan and Sam Knight (hereinafter referred to as appellants), to appear before him on 15 April 1970 and show cause, if any there be, why they should not be punished as for contempt of court. This order was personally served on appellants on 12 April 1970.

(5) By successive consent orders dated 15 April 1970, 22 April 1970, 1 May 1970, and 11 May 1970, Judge Falls postponed the date of the hearing on the temporary restraining order and the order to show cause, and continued the restraining order in full force and effect during the interim.

(6) On 30 June 1970, following a hearing in which affidavits and oral testimony were offered, Judge Falls entered 12 separate orders finding each of the appellants in contempt of court and requiring them to pay fines ranging from $50.00 to $100.00.

Each appellant gave notice of appeal from the order pertaining to him but failed to perfect his appeal within the time allowed. By order entered on 29 September 1970, this court allowed petition for writ of *certiorari*.

*Palmer E. Huffstetler for plaintiff appellee.*

*Bruce A. Elmore for defendant appellants.*

BRITT, Judge.

[1, 2] In their first assignment of error, appellants contend that Judge Falls committed error in signing all orders in this case when no complaint had been filed by plaintiff and no summons issued in the superior court; appellants contend that the

superior court never acquired jurisdiction. The assignment of error is well taken.

We hold that the filing of a complaint or the issuance of summons pursuant to G.S. 1A-1, Rule 3, is a condition precedent to the issuance of an injunction or restraining order, and when a complaint is not filed or summons is not issued as provided in said rule, an action is not properly instituted and the court does not have jurisdiction.

G.S. 1A-1, Rule 2, provides: "There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action."

G.S. 1A-1, Rule 3, provides as follows:

Rule 3. Commencement of action.

A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be *prima facie* evidence of the date of filing.

A civil action may also be commenced by the issuance of a summons when

    (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

    (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

Appellee strenuously contends that by virtue of G.S. 1A-1, Rule 65(b), a temporary restraining order may be issued upon an affidavit provided it clearly appears from specific facts shown by the affidavit that immediate and irreparable injury, loss, or damage will result to the applicant. Appellee contends that by virtue of Rule 65(b) a temporary restraining order is given a status different from a civil action as envisioned by Rule 3. We do not agree with these contentions. Rule 3 and Rule 65(b) must be construed *in pari materia*; procedure under Rule 65(b) is permissible only *after* an action is commenced as provided by Rule 3.

Knitting, Inc. v. Yarn Co.

In this case, appellee only filed a document denominated an affidavit. This document did not purport to be a complaint and cannot be held to be one. Among other things, (1) it was not properly captioned as required by Rule 10(a); (2) it was not signed by an attorney of record as required by Rule 11(a); and (3) there was no demand for relief made in the document as required by Rule 8(a)(2). The record fails to disclose that a summons was ever issued.

We hold that Judge Falls did not have jurisdiction in this case, therefore, the temporary restraining order was void and disobedience of it was not punishable. 43 C.J.S., Injunctions, § 259, p. 1007. The restraining order is vacated and the orders finding appellants in contempt are

Reversed.

Judges CAMPBELL and GRAHAM concur.