GLORIA GRADY HEMBY v. PAUL C. HEMBY III

No. 758DC1044

(Filed 2 June 1976)

1. **Divorce and Alimony § 23— reduction of child support — change in circumstances — increased expenses caused by remarriage**

   The trial court erred in considering defendant's additional living expenses caused by his remarriage in finding a change of circumstances justifying a reduction in the amount of child support payments defendant was required to make under a consent judgment.

2. **Divorce and Alimony § 21; Judgments § 10— child support — consent judgment — absence of summons and pleadings — estoppel to attack**

   Defendant is estopped to attack a child custody and support consent judgment on the ground no summons was issued and no complaint and answer were filed by failing to object in apt time and by acquiescing in the judgment after rendition.

ON *writ of certiorari* to review the order of *Exum, Judge.* Order entered 18 July 1975 in District Court, LENOIR County. Heard in the Court of Appeals 8 April 1976.

Plaintiff appeals from order modifying a consent judgment providing for child support payments to be made by defendant. The record discloses:

In August 1973 plaintiff and defendant consented to a judgment relating to custody and support of their three children. It was agreed that plaintiff and the children would be entitled to possession of the home and that plaintiff and defendant would convey title to the home to trustees; the conveyance was made. Defendant agreed to make the payments on, and pay for all necessary repairs to, the house; to make child support payments of $200 per month, increasing to $220 per month after six months; and also pay certain medical, dental, and other specified bills for the children.

On 21 April 1975 defendant moved for a reduction in the amount he was having to pay for child support, alleging a change of conditions including a reduction in his income and an increase in plaintiff's income.

At the hearing on the motion, defendant offered evidence tending to show that since 1973 plaintiff's net income had risen from $51 per week to $423 per month; that his net income had dropped from $964.86 to $949.90 per month; that his expenses

for the support of the children had risen from $539.13 to $941.41 per month, primarily because plaintiff had demanded that he make expensive repairs on the family home; and that his personal living expenses had risen from $378.37 to $935.29 per month. The evidence showed that defendant had remarried and in computing his monthly living expense he included the expenses of his present wife and her child by an earlier marriage.

Plaintiff testified in detail concerning her living expenses for herself and the children. Her testimony tended to show that the children's expenses amounted to approximately $500 per month.

The court held that there had been a substantial change in the financial circumstances of the parties, and that defendant should be relieved of the obligation to make mortgage payments on the home and to pay for repairs to the home. Plaintiff gave notice of appeal, and because of her failure to perfect the appeal within the required time, we allowed her petition for writ of certiorari.

*Turner and Harrison, by Fred W. Harrison, for plaintiff appellant.*

*White, Allen, Hooten & Hines, P.A., by John R. Hooten, for defendant appellee.*

BRITT, Judge.

[1] Plaintiff contends that the trial court erred in finding and concluding that there had been a substantial change in conditions and relieving defendant of the obligation of making mortgage payments on, and repairs to, the home. We think the contention has merit.

Since the trial court's findings indicated only a slight change in defendant's income, it appears that the court was influenced by the considerable increase in defendant's living expenses. For example, the court found that in 1973 defendant's monthly expense for food was $90; in 1975 it was $250. In 1973 defendant's monthly expense for utilities was $19; in 1975 it was $70. Obviously, a large part of the increase in defendant's living expense was due to the additional expense of his new wife and her child.

In *Sayland v. Sayland,* 267 N.C. 378, 383, 148 S.E. 2d 218, 222 (1968), we find: "Payment of alimony may not be avoided

merely because it has become burdensome, or because the husband has remarried and voluntarily assumed additional obligations. (Citations.) . . . . " The principles declared in *Sayland* would apply with equal force to a motion seeking to vacate or modify an order for child support. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). *See also* 2 R. Lee, North Carolina Family Law, § 156.

The order appealed from is vacated and this cause is remanded for further proceedings. Upon a further determination of defendant's motion for a modification of the consent judgment, the trial court will not consider defendant's additional living expenses caused by his remarriage.

[2] Although defendant did not appeal from the order under review, he contends that the consent judgment is a nullity for the reason that no summons was issued and no pleadings were filed in the action. We find no merit in this contention.

The record on appeal is contradictory on the point raised by defendant. While the first page of the record indicates that no summons was issued and no complaint or answer was filed, the order appealed from contains a finding of fact that the action was instituted on 29 August 1973 "by the issuance of a summons."

Assuming, *arguendo,* that no summons was issued or no complaint or answer filed, we think defendant is still bound by the consent judgment. While jurisdiction may not be conferred upon a court by waiver or consent of the parties, where the court has jurisdiction of the subject of the action and the parties are before the court, objections as to the manner in which the court obtained jurisdiction of the person or to mere informalities in the procedure or judgment may be waived, and a party may be estopped to attack the judgment on such grounds by failure to object in apt time and by acquiescence in the judgment after rendition. *Pulley v. Pulley,* 255 N.C. 423, 121 S.E. 2d 876 (1961). We think the instant case is governed by the stated principle of law.

Order vacated and cause remanded.

Judges VAUGHN and ARNOLD concur.